BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our Ref. : 06-F-079-JK



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

ST. PAUL FIRE & MARINE INSURANCE COMPANY
a/s/o Sterling Crane,                                    07 Civ. 7135 ( LAP )

                Plaintiff,        COMPLAINT

- against -

ATLANTIC CONTAINER LINE AB, trading as "Atlantic
Container Line",

                Defendant.

------------------------------------------------------------------x

        Plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY, by their attorneys, Badiak & Will, LLP, as and for their Complaint herein against the defendant, alleges upon information and belief as follows:

        1. All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

        2.    Plaintiff, St. Paul Fire & Marine Insurance Company (hereinafter referred to as "St. Paul"), is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of the State of Minnesota and provided all-risk cargo insurance for

the subject shipments hereinafter described, and maintained an office and place of business at 485 Lexington Avenue, Suite 500, New York, New York, 10017.

3. Plaintiff St. Paul has paid the consignees and owners of the shipments mentioned hereinafter pursuant to a marine cargo insurance policy herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shippers and consignees hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

4. Defendant, ATLANTIC CONTAINER LINE AB (hereinafter "ACL"), is and was a corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business c/o Atlantic Container Line, 194 Wood Avenue, Suite 500, Iselin, New Jersey 08830, and is and was at all times hereinafter mentioned, a common carrier by water for hire and owned, chartered, managed and/or otherwise controlled or contracted to use the M.V. ATLANTIC CARTIER as a general vessel engaged in the common carriage of merchandise by water for hire between, among others, the ports of Bremerhaven, and Halifax.

5. On or before January 6, 2006, there was shipped by J.H. Bachmann, as agent for and/or on behalf of Liebherr-Werk Ehingen GmbH, as shipper, and delivered to ACL and the M.V. ATLANTIC CARTIER, at Bremerhaven, Germany, as common carriers, a shipment consisting of one unpacked new Liebherr telescoping mobile crane, with accessories, said cargo then being in good order and condition, and defendant then and there accepted the said shipment

so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Halifax, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to UTC - Bachmann, Inc., as agent for and/or on behalf of Sterling Crane, the consignee and the plaintiff's assured, all in accordance with a bill of lading issued by or on behalf of the aforementioned vessel and defendant ACL numbered ACLU6234S2397369, dated on or about January 6, 2006.

6. Thereafter the defendant made delivery of the aforementioned shipment, but not in like good order, condition or quantity as when shipped, delivered to and received by them but, to the contrary, with serious damage, shortage and impaired in value, all in violation of the defendant's obligations and duties as a common carrier of merchandise by water for hire.

7. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $13,938.98 or the equivalent of CDN$14,726.60.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if defendant cannot be found within this District then all of their property within this District be attached in the sum of $13,938.98, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of plaintiff against defendant for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action; and

4. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated:  New York, New York
        August 9, 2007

                                BADIAK & WILL, LLP
                                Attorneys for Plaintiff,
                                St. Paul Fire & Marine Insurance Co.

                                By: _____
                                    JAMES P. KRAUZLIS (JK-4972)

- 4 -